KIMBERLY L. NELSON (VA Bar No. 47224)
GREGORY J. MADDEN
SANDHYA P. BROWN
Federal Trade Commission
600 Pennsylvania Ave., NW, Rm. M-8102B
Washington, DC  20580
(202) 326-3304 (tel.) (Nelson)
(202) 326-2426 (tel.) (Madden)
(202) 326-2040 (tel.) (Brown)
(202) 326-2558 (fax)
knelson@ftc.gov; gmadden@ftc.gov; sbrown5@ftc.gov

BARBARA CHUN, Bar No. 186907
bchun@ftc.gov
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA  90024
(310) 824-4312 (tel.)
(310) 824-4380 (fax)

ATTORNEYS FOR PLAINTIFF
FEDERAL TRADE COMMISSION

JS-6

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **LIGHTS OF AMERICA, INC.,** *et al.*, <br><br> Defendants. | Case No. SACV10-01333 JVS (MLGx) <br><br> **FINAL JUDGMENT AND ORDER FOR INJUNCTIVE AND OTHER RELIEF** <br><br> Hearing Date:  None <br> Judge:      Hon. James V. Selna |

On September 7, 2010, Plaintiff, Federal Trade Commission ("FTC" or "Commission") brought this action for injunctive and equitable monetary relief against Lights of America, Inc. ("LOA"), Usman Vakil, and Farooq Vakil (collectively, "Defendants") for deceptive business practices related to their marketing and sale of light bulbs that use light-emitting diodes ("LEDs") as a light source. (Docket No. 1) In the Complaint and First Amended Complaint (Docket Nos. 1 and 38), the FTC asserted that Defendants' activities violated Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) (the "FTC Act"), and requested injunctive and equitable monetary relief against all Defendants pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

The parties filed cross-motions for summary judgment on February 13, 2102. (Docket Nos. 164, 165, 170, 184, and 167) On April 25, 2012, the Court granted Plaintiff's motion for partial summary judgment on Count I of the Amended Complaint, granted in part LOA's motion for summary judgment with respect to Count II of the Amended Complaint, and denied the Vakils' motion for summary judgment. (Docket No. 243 (the "MSJ Order"))[1]

The Court conducted a four-day bench trial between October 30 and November 2, 2012. Four claims were tried before the Court: (1) whether Defendants violated Section 5 of the FTC Act by engaging in deceptive acts or practices in making false claims with regard to LED lamps replacing certain wattage incandescent lamps; (2) whether Defendants violated Section 5 of the FTC Act by engaging in deceptive acts or practices in making unsubstantiated and/or false claims with regard to the lifetime of their LED lamps; (3) whether injunctive relief against all Defendants is proper; and (4) whether Defendants are liable for

---

[1] On September 17, 2012, Defendants filed a motion for reconsideration of the Court's order granting the FTC's motion for partial summary judgment. (Docket No. 264) After further briefing, the Court denied Defendants' motion for reconsideration on October 24, 2012. (Docket No. 317)

equitable monetary relief and/or disgorgement of ill-gotten gains.  The Court received evidence in the form of exhibits, designated portions of deposition transcripts, and witness testimony.  After carefully reviewing all of the evidence, testimony, and arguments presented by the parties' counsel, the Court concluded in its Findings of Fact and Conclusions of Law that the FTC had proven by a preponderance of the evidence that Defendants are liable for the deceptive marketing and sale of certain LED lamps in violation of Section 5(a) of the FTC Act.  (Docket No. 361)  The Court entered its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a).  The Court also found that injunctive relief against all Defendants is appropriate because:  (1) it is reasonably likely that Defendants will commit the kinds of deceptive practices at issue in this case in the future; (2) Defendants acted with sufficient deliberateness; (3) Defendants have had prior experience with false claims; and (4) Defendants are in a position to repeat their deceptive acts with other lighting products they sell. Further, the Court ruled that equitable monetary relief against all Defendants in the amount of $21,165,863.47 is appropriate in this case.

The Court directed the FTC to file a proposed judgment embodying its ruling as set forth in the Findings of Fact and Conclusions of Law entered on September 17, 2013 (Docket No. 361) (the "Findings").  On September 23, 2013, the FTC filed its proposed final judgment and order for permanent injunction against Defendants.  Based upon the record established in this case, the Court enters this Final Judgment and Order for Injunctive and Other Relief pursuant to Federal Rule of Civil Procedure 58.

## SUMMARY OF FINDINGS AND JUDGMENT

1.      This Court has jurisdiction over the subject matter of this case and each of the parties.  Venue lies properly with this Court.

2.      Pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the Commission has the authority to seek the relief contained herein.

3.      At all relevant times, the acts and practices of Defendants have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The evidence admitted on summary judgment established that Defendants made unsubstantiated claims that their LED Lamps provided the same or comparable light output as incandescent lamps.  MSJ Order, at 7-9.

5.      The evidence admitted at trial established that Defendants made false claims that their LED Lamps provided the same or comparable light output as incandescent lamps.  Findings, ¶¶ 85, 90, 94-97, 103, 243-244.

6.      The evidence admitted at trial established that Defendants made unsubstantiated and false claims about the lifetime of their LED Lamps.  Findings, ¶¶ 150, 158, 165-166, 168, 173-174, 176, 181, 183-184, 187, 189-190, 196-199, 204-205, 207-209, 218, 227, 243-244.

7.      The evidence admitted at trial and the evidence admitted during summary judgment established that Defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in making unsubstantiated and false claims about the light output and lifetime of their LED Lamps.

8.      The evidence admitted at trial established that there is a reasonable likelihood that Defendants would continue to engage in the activities alleged unless permanently enjoined from such acts and practices.  Thus, this Court held that injunctive relief was warranted against all Defendants.  Findings, ¶¶ 472-486.

9.     The evidence admitted at trial established that equitable monetary relief against Defendants was warranted.  Findings, ¶¶ 487-516.

10.    LOA's gross revenue is a conservative, yet proper measure of monetary liability in this case.  Findings, ¶¶ 517-522.  Equitable monetary relief under both restitution and disgorgement theories is the same in this case: Defendants' gross revenues from the deceptively advertised products.

11.    Total consumer harm and total ill-gotten gains in this case equals $21,165,863.47.  Findings, ¶¶ 523-535.  LOA, Usman Vakil, and Farooq Vakil are jointly and severally liable for equitable monetary relief in the amount of twenty-one million, one hundred sixty-five thousand, eight hundred sixty-three dollars and forty-seven cents ($21,165,863.47), plus post-judgment interest which will accrue upon entry of this Final Judgment.

12.    Entry of this Final Judgment is in the public interest.  There being no just reason for delay, the Clerk is directed to enter judgment immediately.

## DEFINITIONS

For the purposes of this Final Judgment, the following definitions shall apply:

1.     "Individual Defendants" means Usman Vakil and Farooq Vakil.

2.     "Corporate Defendant" means Lights of America, Inc., and its successors and assigns.

3.     "Defendants" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

4.     "FTC" or "Commission" means the Federal Trade Commission.

5.     "Competent and reliable scientific evidence" means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons, that are generally accepted in

the relevant scientific field to yield accurate and reliable results, and that are sufficient in quality and quantity based on standards generally accepted in the field, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that a representation is true.

6.  "Light-emitting diode lamp" or "LED Lamp" shall mean all product(s) advertised, marketed, offered for sale, or sold that include, or are advertised, marketed, offered for sale, or sold as including, a light-emitting diode(s) as a light source.

7.  "Lifetime," as established in the Court's Findings, means the period at which an LED Lamp reaches seventy (70) percent of its original light output (known as $L_{70}$), which shall be based upon competent and reliable scientific evidence.

8.  "Light Output" means the measure of light emanating from an LED Lamp, which amount shall be based upon competent and reliable scientific evidence.

9.  "Incandescent Lamp" means any light bulb in which light is produced by an electric current.

10. "Covered product" means any lamp, LED Lamp, luminaire, light bulb, or any other light-emitting device that is intended for lighting and manufactured, assembled, or placed into the stream of commerce by Defendants, regardless of base size, bulb size, bulb shape, or technology.

# I.  PROHIBITED REPRESENTATIONS

**IT IS HEREBY ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all persons and entities in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise, whether acting directly or indirectly, in connection with the manufacturing, marketing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product in or affecting commerce, are permanently restrained and enjoined from:

    (A)    Making any misrepresentation or assisting others in misrepresenting, expressly or by implication, any fact material to consumers concerning any covered product.

    (B)    Making any misrepresentation or assisting others in misrepresenting, expressly or by implication:

        (1)    Light output or brightness in lumens;

        (2)    Light output equivalency to incandescent or any general service lamp;

        (3)    Lifetime of the product; or

        (4)    Energy costs, energy savings, energy consumption, or energy-related efficacy.

At the time of making such representation, Defendants must possess and rely upon competent and reliable evidence that substantiates that the representation is true. If, in general, experts in the relevant scientific fields would conclude it is necessary, such evidence must be competent and reliable scientific evidence.

# II. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

    A.    Judgment is hereby entered in favor of the Commission and against Defendants Lights of America, Inc., Usman Vakil, and Farooq Vakil, jointly and

severally, for equitable monetary relief, including but not limited to consumer redress, in the amount of twenty-one million, one hundred sixty-five thousand, eight hundred sixty-three dollars and forty-seven cents ($21,165,863.47), which is the amount of injury suffered by consumers, or unjust enrichment obtained by Defendants, resulting from Defendants' violations of the FTC Act.

B.     All funds paid to the Commission pursuant to this Section shall be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct restitution to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices as alleged in the Complaint.  Any money not used for such equitable relief will be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.  The preceding sentence shall no effect on Defendants' right to challenge the substance of this subparagraph on appeal.

C.     Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission within ten (10) days of entry of this Final Judgment, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

### III.     FINAL JUDGMENT ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Final Judgment:

(A)    Each Defendant, within seven (7) business days of entry of this Final Judgment, must submit to the Commission an acknowledgement of receipt of this Final Judgment sworn under penalty of perjury.

(B)    For five (5) years after entry of this Final Judgment, each Individual Defendant (for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly), and each Corporate Defendant, must deliver a copy of this Final Judgment to:

    (1)    All principals, officers, directors, and LLC managers and members;

    (2)    All employees, agents, and representatives who participate in activities related to Defendants' marketing and sale of covered products; and

    (3)    Any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within seven (7) days of entry of this Final Judgment for current personnel.  For all others, delivery must occur before they assume their responsibilities.

(C)    From each individual or entity to which a Defendant delivered a copy of this Final Judgment, Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Final Judgment.

## IV.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

(A)    One year after entry of this Final Judgment, each Defendant must submit a compliance report, sworn under the penalty of perjury:

(1) Each Defendant must:  (a) identify the primary physical, postal, and email and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including any goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Final Judgment; and (e) provide a copy of each Acknowledgment obtained pursuant to this Final Judgment, unless previously submitted to the Commission.

(2) Additionally, each Individual Defendant must:  (a) identify all telephone numbers, and all email, Internet, physical, and postal addresses, including all residences; (b) identify all business activities, including any business for which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

(B) For ten (10) years following entry of this Final Judgment, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

(1)   Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Final Judgment, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Judgment.

(2)   Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

(C)   Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen (14) days of its filing.

(D)   Any submission to the Commission required by this Final Judgment to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

(E)   Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Final Judgment must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, D.C. 20580.  The subject line must begin:  FTC v. Lights of America, Inc.

## V.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Final Judgment:

(A)   Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

(B)   The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Final Judgment limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

# VI.    RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for ten (10) years after entry of the Final Judgment, and retain each such record for 5 years.  Specifically, Corporate Defendant and each Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

(A)    Accounting records showing the revenues from all goods or services sold;

(B)    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

(C)    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

(D)    All records necessary to demonstrate full compliance with each provision of this Final Judgment, including all submissions to the Commission; and

(E)    A copy of each unique advertisement or other marketing material for any covered product.

# VII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Judgment.

Dated:  September 30, 2013         _____

                                   HON. JAMES V. SELNA
                                   UNITED STATES DISTRICT JUDGE

Date:       September 23, 2013          Respectfully submitted,

   /s/ Kimberly L. Nelson
KIMBERLY L. NELSON
GREGORY J. MADDEN
SANDHYA P. BROWN
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room M-8102B
Washington, DC 20580
(202) 326-3304 (tel.) (Nelson)
(202) 326-2426 (tel.) (Madden)
(202) 326-2040 (tel.) (Brown)
(202) 326-2558 (fax)
knelson@ftc.gov, gmadden@ftc.gov,
sbrown5@ftc.gov

BARBARA CHUN (Local Counsel)
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024
(310) 824-4312 (tel.)
(310) 824-4380 (fax)